IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> NADER POURHASSAN and <br> KAZEM KAZEMPOUR, <br><br> *Defendants*. | 8:22-CR-440 |

**DEFENDANT KAZEM KAZEMPOUR'S REPLY
IN SUPPORT OF MOTION IN THE ALTERNATIVE TO SEVER**

## ARGUMENT

This Court should exercise its discretion to sever the defendants. Reading the defendants' motions together shows that this is the unique case in which severance is warranted. The defenses here will go far beyond mere finger-pointing. *Contra* Opp'n 55. If tried together with Dr. Pourhassan, Dr. Kazempour will battle spillover prejudice and the risks posed by mutually antagonistic defenses *and* be forced to defend against a second prosecution in the form of Dr. Pourhassan's efforts to blame everything that went wrong with CytoDyn's BLA submissions on Dr. Kazempour. Those efforts span far beyond this criminal case to include Dr. Pourhassan's defense in the civil securities fraud case, a separate civil suit brought by CytoDyn against Amarex in which Amarex is subject to a preliminary injunction, and a pending multi-million-dollar arbitration also pursued by CytoDyn against Amarex. The extensive blame-shifting and deeply rooted animosity between Dr. Kazempour and Dr. Pourhassan will infiltrate the criminal case here and further complicate its already complex proceedings. Given these unique facts and the burdens on Dr. Kazempour and this Court's resources that will result, severance should be granted.

Severance is warranted on at least three grounds. ***First***, Dr. Kazempour will face spillover prejudice from the disproportionate evidence introduced against Dr. Pourhassan, much of it related to an alleged scheme about leronlimab's use for COVID-19 that Dr. Kazempour is not even alleged to have been part of.

***Second***, the jury will be forced to choose between two competing and directly opposed narratives. Either Dr. Pourhassan spearheaded his own scheme to defraud and misled and abused Dr. Kazempour in his role as regulatory agent in doing so, or Dr. Kazempour was the brains behind everything and Dr. Pourhassan merely an uninformed bystander. Both cannot be true; the jury will

1

likely decide that neither is and convict both defendants. *United States v. Spitler*, 800 F.2d 1267, 1272 (4th Cir. 1986). That result will impermissibly prejudice Dr. Kazempour.

***Third and finally***, not only will the risks of spillover prejudice and mutually antagonistic defenses pervade any joint trial, but this case's extraordinary nature and the defendants' (incredibly litigious) relationship outside of and within it present a serious risk that Dr. Kazempour's trial will be constitutionally unfair and a joint trial judicially unmanageable. *United States v. Shkreli*, 260 F. Supp. 3d 247, 256 (E.D.N.Y. 2017). Dr. Kazempour will be unfairly saddled with the burden of defending against both the government's case and Dr. Pourhassan's, just as he and Amarex are saddled with defending against civil litigation on the same issues. And the bad blood between the two defendants as well as the opposing defenses and conflicting evidence will make a joint trial in this already-complex case challenging for this Court to administer and the jury to understand. In this unique scenario, this Court may and should exercise its discretion to sever the trials. *See id.* at 257.

## CONCLUSION

For these reasons, this Court should sever Dr. Kazempour from his co-defendant.

Dated: August 29, 2023                          Respectfully submitted,

*/s/ Benjamin A. O'Neil*
Benjamin A. O'Neil (Fed. Bar No. 29078)
**MCGUIREWOODS LLP**
888 16th Street N.W., Suite 500
Black Lives Matter Plaza
Washington, DC 20006
Telephone: (202) 857-2466
Fax: (202) 828-2966
boneil@mcguirewoods.com

Caroline Schmidt Burton (Fed. Bar No. 13303)
(Admitted as "Caroline Susan Schmidt")
Kathryn M. Barber (Admitted *pro hac vice*)
**MCGUIREWOODS LLP**
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
Telephone: (804) 775-7651
Fax: (804) 698-2049
cburton@mcguirewoods.com
kbarber@mcguirewoods.com

Jason H. Cowley (Admitted *pro hac vice*)
**MCGUIREWOODS LLP**
201 North Tryon Street, Suite 3000
Charlotte, NC 28202
Telephone: (704) 343-2030
Fax: (704) 373-8830
jcowley@mcguirewoods.com

***Counsel for Defendant***
***Kazem Kazempour***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 29, 2023, a copy of the foregoing document was electronically filed and served on all counsel of record via the Court's CM/ECF system.

*/s/ Benjamin A. O'Neil*
Benjamin A. O'Neil (Fed. Bar No. 29078)
**MCGUIREWOODS LLP**
888 16th Street N.W., Suite 500
Black Lives Matter Plaza
Washington, DC 20006
Telephone: (202) 857-2466
Fax: (202) 828-2966
boneil@mcguirewoods.com

4